## WILLING *v.* PETERS.

Lands devised to be sold, and the proceeds distributed, are thereby converted into personalty. Nor can one only of the distributees, by his election to take as land, work a re-conversion, or give his widow a right of dower.

An actual sale under a power works a conversion equally with a devise of the proceeds of land.

A trustee cannot, by his covenant to pay the rents, charge the trust-estate; hence he is not liable in account-render under such covenant, where the rents are not so applicable under the terms of the trust.

A release of dower by a *feme covert* whose husband does not join in the deed, is void, though the deed was separately acknowledged in due form.—Per Kennedy, J.

CERTIFICATE from the Nisi Prius.

*Jan.* 14 and *Feb.* 9. This was an action of account-render by Maria Willing against Peters, as bailiff and receiver of the rents and profits of real estate. On the trial before the late Mr. Justice Kennedy, the plaintiff gave in evidence the will of Thomas Willing, devising lands to the defendant, Peters, and two others, who died before the matters in controversy happened, in trust, *inter alia,* for the maintenance of testator's son William, and his children, and also in trust, "that if my son William, and Maria, his wife, shall die before either of their children now born, or hereafter to be born, shall attain twenty-one; or if he the said William shall die leaving no widow, and after any one of his children shall attain the age of twenty-one, he having made no last will, then, and in either such cases, the said trustees, or a majority of them for the time being, and the survivor of them, his heirs and assigns, shall and may sell and dispose of the said premises in fee-simple, when they deem it advantageous, and the proceeds thereof shall be divided among the said children, and paid to them at twenty-one."

William, the son of the testator, survived his wife, and died August 9, 1821. He left three children, of whom Thomas, the eldest, was married to the plaintiff, came of age October 17, 1823, and died October 13, 1834.

On the 17th August, 1824, Thomas being then in England, executed a deed conveying to Peters, the defendant, all his real and personal estate in New York, Pennsylvania, and elsewhere, in trust to sell and pay the income to Thomas, the grantor, for life, remainder over.

| 7 | 287 |
| 152 | 390 |
| 7 | 287 |
| 170 | 127 |
| 7 | 287 |
| 21 SC ¹ | 67 |
| 7 | 287 |
| 26 SC ¹ | 213 |

On the 4th December, 1833, Maria Willing, the plaintiff, by deed-poll, separately acknowledged, her husband not being party, reciting the conveyance by her husband in 1824, and an agreement of even date by Peters, the defendant, to pay her, in the event of her surviving her husband, one-third of the rents and profits of the real estate mentioned in said deed, which she had agreed to accept in lieu of dower, released all her estate and interest in the real estate therein conveyed. On the same day, Peters, by deed reciting this release, covenanted to pay her one-third of the rents, &c. of said real estate, in case she survived her husband.

It appeared that the defendant held, under the deed of Thomas Willing, several sums of money, being the proceeds of real estate sold prior to the deed of the plaintiff. There were also three pieces of real property in Moyamensing, held by him under the will, but there was no evidence of any receipt of rents subsequent to that deed. The plaintiff also gave evidence that the defendant had received money for the opening of streets through property in Moyamensing, but this, it would seem, was prior to the death of Thomas Willing, nor did it appear that he was entitled to it.

His honour instructed the jury, that the land having been devised to be sold, was at all events personalty from the time of the sale. The plaintiff having no dower therein, there was no consideration shown to support the agreement; the deed of the plaintiff being a nullity not operating even by way of estoppel, since she was covert and her husband did not join in the conveyance; he therefore directed a verdict for the defendant.

*Raybold* and *Randall*, for plaintiff in error.—The defendant holds either under the will or deed, and either way, the wife was dowable, for an equitable estate, in Pennsylvania, is subject to dower. The supposed conversion was immaterial, since the legatee may elect to take as land; Burr *v.* Sim, 1 Whart. 265; Rice *v.* Bixler, 1 Watts & Serg. 445. By the deed of 1824, the plaintiff's husband made that election; Tilghman's Estate, 5 Whart. 55; Reed *v.* Morrison, 12 Serg. & Rawle, 18. The invalidity of her deed was immaterial, nor could the other party thereto set up that objection; he was concluded by acceptance; 2 Term Rep. 171; 23 Pick. 83; 1 Met. 180; 9 Serg. & Rawle, 268.

*Cadwalader*, contrà.—The only question was the liability of the estate, or of the defendant, on account of the receipts therefrom. The personal liability of the defendant, under his covenant, is not in question. Even then there must be an averment and proof of

the existence of land of which she was dowable. But here the property was either converted by the will, or at least actually converted before the covenant made by the defendant; for it is plain, that supposing Thomas Willing was entitled to part of the damages for opening streets, that was prior to his death. The right to such property gives no estate in the land; Price v. Watkins, 1 Dall. 8; Morrow v. Brenizer, 2 Rawle, 185. Nor could the plaintiff's husband, by his sole act, reconvert the property. That would require the assent of all interested.

*March* 18. BELL, J.—The plaintiff, by her *narr.*, claims, at the hand of the defendant, an account of certain moneys received by him as her bailiff and receiver. By the proof in the cause, it appeared the several sums of which an account is demanded are the avails of two houses sold by him, as surviving trustee by virtue of a power created by the last will of Thomas Willing, the elder, and, also, an amount received by him, in his character of trustee, for damages sustained by opening a road through the lots of land situate in Moyamensing township. The right thus to claim rests altogether upon the undertaking of the defendant, by his agreement of the 4th of December, 1833, to pay to the plaintiff, should she survive her husband Thomas Willing, jun., one-third of the rents, issues, and profits of his real estate, situate in Pennsylvania, New York, or elsewhere, and conveyed to the defendant in trust, by the deed of the 17th of August, 1824.

But several insuperable objections interpose to defeat the plaintiff's demand for a judgment *quod computet.* One of these is, that the houses and lands from whence the money received by the defendant is derived, never was the real estate of Thomas Willing, jun. By the last will of his grandfather, already referred to, these houses and lands, in a certain event which has happened, were ordered to be sold by trustees, of whom the defendant is the survivor, and the proceeds equally divided among the children of William Shippen Willing, now deceased, the plaintiff's late husband being one of them. Now, by the well-settled rule in equity, land or money directed to be converted by a last will or other instrument, is impressed with the character of the particular species of property into which it is to be transmuted. Thus land ordered to be sold is regarded as money for every purpose necessary to effectuate the intent of the devisor or donor. The parties to whom the proceeds are to be paid, whether heirs-at-law or strangers, take no estate in the premises which are to be the subject of the sale, as

has, more than once, been held by this court, after the most solemn and deliberate consideration. Thus it has been decided that a judgment recovered against one of several legatees, among whom the fund, when made, was to be distributed, will not bind his interest therein, for he is seised of no estate in the land which can be made the subject of a lien, and, consequently, that a sheriff's sale of the legatee's supposed interest in the land passes nothing to the purchaser: Allison's Executors *v.* Wilson's Executors, 13 Serg. & Rawle, 333; Morrow *v.* Brenizer, 2 Rawle, 185. The principles upon which these decisions are based are familiar wherever the English system of equity prevails, and have been since frequently recognised by this court: Burr *v.* Sim, 1 Whart. 265; Smith *v.* Starr, 3 Whart. 65; Rice *v.* Bixler, 1 Watts & Serg. 445. It is very true, the parties interested in the fund may elect to accept the land unconverted, and if they do so, will immediately acquire an estate therein. But this must be by some unequivocal act, and when there are more than one entitled, all of them must join in the act of election, otherwise it is nugatory. No intent so to elect was manifested by Thomas Willing, jun., during his life. His deed to the defendant of the 27th of August, 1824, cannot be so accepted. Without any distinct or precise specification, it professes to pass, indiscriminately, both real and personal estate, and as the grantor was seised by descent of lands and tenements, other than those which give rise to this controversy, it is not necessary, in order to make the deed operative, to extend its effect to the latter. But were this otherwise, Thomas Willing's brother and sister had an equal interest in the proceeds of the proposed sale, and there is not the slightest proof they, or either of them, took a *single step* towards acceptance of the land before its sale. The property described in the plaintiff's declaration never having formed any part of her husband's real estate, it follows it is not within the covenant of the defendant upon which the plaintiff relies. This conclusion leads to another objection against the plaintiff's recovery in this action. The consideration which induced the defendant's covenant was the release of the plaintiff's prospective right of dower in the lands of her husband. But as she was not endowed of the lands immediately under contemplation, the covenant to pay her one-third part of the rents and profits issuing from them, is null, for want of consideration, and consequently void, even if by any possibility of construction it could be extended to embrace them. This legal result takes from under the plaintiff's feet the only ground upon which she could stand, were all other difficulties out of the way, and of itself.

justifies the instructions given to the jury by the learned judge before whom the cause was tried.

But, again : It appears the two houses in the city were sold, and the ground in Moyamensing appropriated to the purposes of public highways before the execution of the respective deeds of the plaintiff and defendant. Now it passes my comprehension how a covenant to pay a portion of the rents, issues, and profits of real estate, belonging to a particular individual, can be made to comprehend houses and lands legally sold and conveyed to third persons before the covenant had existence. Were it, then, even admitted or admissible, that a fee-simple interest in the houses and lots descended upon and vested in Thomas Willing, jun., before the sale, that certainly divested it for every purpose, and therefore, when the defendant's covenant was made, the property sold fell not within the description of his undertaking.

But there is yet another stumbling-block obstructing the plaintiff's path. This, it will be observed, is not a personal action to recover damages for the breach of the covenant upon which the plaintiff founds herself, but for an account of moneys belonging to and to be governed by the trust created by the will so often mentioned. Admitting for a moment that the trustee might bind himself personally to pay money to the plaintiff upon the consideration stated, he is certainly powerless to transfer to a third person, a mere volunteer, without the assent of his *cestui que trust*, any portion of the trust fund either immediately or prospectively. Such an agreement is in fraud of the trust, and if executory, as here, equity will interpose to prohibit the execution of it. The object of this proceeding is, evidently, to divert a portion of the trust-money from the uses to which it was destined by the instrument creating the trust. This cannot be done even with the assent of the trustee.

Judgment affirmed.