## MARY A. HUGUNIN

*v.*

## MARIA COCHRANE,

1. DOWER—*exceptional case to the rule—that a widow shall be endowed of all lands of which her husband was seized of an estate of inheritance.* A purchased certain lands from B, for which he gave his promissory notes for the purchase money. Afterwards, A re-conveyed the lands to B, who thereupon surrendered the notes, but A's wife failed to join in such deed, and subsequently he died: *Held*, in a suit by A's widow, for assignment of dower, that her claim could not be maintained; that B's lien, which was that of a vendor, was superior to any lien or right of dower held by the petitioner; and as that lien existed, and the premises were re-conveyed by A, expressly for its extinction, and to obtain a release from the payment of the purchase money, the premises passed, free from any right of dower.

2. In such case, it can not be said, that the re-conveyance by A in any manner operated as a fraud upon the wife's right of dower. B held the superior lien, and the re-conveyance by A, which was made in good faith, to cancel the notes and relieve him from their payment, operated as a bar to

the wife's dower, to the same extent, and with equal effect, as though a mortgage had been given on the premises, to secure the purchase money, and its foreclosure obtained.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOHN A. JAMESON, Judge, presiding.

The facts in this case are fully stated in the opinion of the court.

Mr. JAMES L. STARK, for the plaintiff in error.

Mr. ROBERT T. LINCOLN, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears, from the record in this case, that John C. Hugunin and Alexander Logan, on the 3d day of April, 1837, purchased of Leonard C. Hugunin, the undivided half of lot five, in School Section addition to Chicago. The consideration expressed in the deed was $2,000, for which promissory notes were given by the grantees, and accepted by the grantor. Afterwards, on the 20th day of May, 1837, the same premises were re-conveyed by John C. Hugunin and Alexander Logan to Leonard C. Hugunin, and he returned their notes to them. Plaintiff in error did not join in the deed re-conveying the premises, although she had been married to him in the year 1834, and she was still his wife.

John C. Hugunin died on the 4th day of July, 1866, and plaintiff in error filed her petition for the assignment of dower, on the 3d day of June, 1867. An answer was filed, and evidence was heard at the trial, and the court refused the relief, and dismissed the bill. The record is brought to this court on error, and a reversal is asked, because the court below dismissed the bill and refused to assign her dower in the premises. This, then, presents the question, whether, when a vendor,

who, when he sells, receives notes for the payment of the purchase money, and afterwards the transaction is canceled by a re-conveyance and a return of the notes to the first vendees, the land becomes subject to the dower of the wife of one of the first grantees.

There is no doubt that the husband of plaintiff in error became invested with a dry, naked fee, in law; but there is as little doubt that in equity Leonard C. Hugunin held a lien as vendor of the premises. It is true, he testifies he took the notes as payment for the land, and took a re-conveyance of the lot to get his pay; that he regarded the makers of the notes as abundantly able to pay for the land. He further says, he was not aware of the fact that the law gave him a lien, and did not design to waive any of his rights by taking the notes for the purchase money; he took no mortgage or other security. He says he remembers the money troubles of 1837, and this lot must have declined with other property.

In equity, and on the principles of justice, this claim does not commend itself to the favorable consideration of a court of justice. All that can be said is, that plaintiff in error had the mere form of a title, while he, or plaintiff in error, did not pay a farthing for the naked title he held. And as Leonard C. Hugunin did no act to waive the vendor's lien, he might have held the notes until their maturity, and then enforced his vendor's lien against the property, to the entire exclusion of any right of dower on the part of plaintiff in error. That lien was superior to her claim of dower, both in law and justice; and had the lien been enforced in a court of equity, whether plaintiff in error was a party or not, the decree and sale would have barred her claim to dower. At the ancient common law, the exchange of lands put the widow upon her election as to which should be subject to her dower; she could not have dower in both. Coke's Litt. 31 b. And yet the husband was seized of both pieces of land; and it was, no doubt, for the reason that it would have been manifestly unjust; and our statute has enacted the same provision.

It has also been held, that when the seizin of the husband was but for an instant, a woman shall not be endowed. 1 Coke's Litt. ib. It has also been held, that an agreement by a husband, made before the marriage, to convey, which is enforced after the marriage, the widow shall not be endowed, as in such a case the husband is considered as never having been seized during coverture. *Green* v. *Green,* 1 Ham. Ohio R. 538. Where a husband is seized of an estate to hold in trust for another, it is a familiar rule that the wife shall not be endowed of such estate, although he is manifestly seized of the fee. These authorities are sufficient to establish the fact, that there are numerous exceptions to the rule, that the widow shall be endowed of all the lands of which the husband was seized of an estate of inheritance, either at law or in equity; and it appears to us that the case at bar is fully within the reason of these exceptions. To allow the widow, in this case, to recover dower, would work manifest injustice and wrong.

Leonard C. Hugunin holding a vendor's lien, which was superior to any lien or right of dower held by plaintiff in error, its foreclosure was like a purchase and the giving of a mortgage on the premises to secure the purchase money, as in such a case a foreclosure bars the wife's dower; and it is because the right of the widow to dower is subordinate to the vendor's lien for the unpaid purchase money. *Warren* v. *Van Alstyne,* 3 Paige, 513. In Story's Eq. Jur., vol. 2, sec. 1,225, it is said, that the lien attaches, where the purchase money has not been paid, against the vendee, and all persons claiming as volunteers, or with notice under him; and as this lien did exist, and the land was re-conveyed for its extinction, and to obtain a release from the payment of the purchase money, we have no hesitation in holding that it passed free from the dower of the wife.

We are not prepared to hold that a case might not occur where such a conveyance might operate as a fraud upon the wife's right to dower, but we are satisfied that such was not the case with this conveyance. We see no purpose of

such a fraud, but on the contrary, the re-conveyance seems to have been made in good faith, to cancel the notes, and relieve the parties from their payment.

For these reasons the decree of the court below is affirmed.

*Decree affirmed.*