## MALLORY v. RUSSELL ET AL.

1. **Dower:** PARTNERSHIP LAND: TITLE IN TRUSTEE. Where two persons entered into a contract, which was, in effect, a contract of partnership for the purchase and sale of real estate, and the contract provided that the real estate purchased and sold should be conveyed to and by a certain person as trustee, and contemplated a conversion of all lands into cash before a settlement of the partnership, and not a division of any lands between the partners, *held* that lands so purchased were to be regarded as personal property belonging to the firm, and that a purchaser of such land from the trustee held the same free from any claim of dower made by the wife of one of the partners. (Compare *Hewitt v. Rankin*, 41 Iowa, 35.)

### *Appeal from Des Moines Circuit Court.*

### FRIDAY, MARCH 4.

THIS action involves a controversy as to the right of the defendant Cornelia Thayer to a dower interest in certain real estate owned by the plaintiff. The cause was submitted to the court below upon an agreed statement of facts, and it was held that the plaintiff owned the land free and clear of any claim for dower. Defendant appeals.

*W. L. Cooper*, for appellant.

*J. W. Blythe*, for the other defendants.

*Thomas Hedge, Jr.*, and *Jas. I. Gilbert*, for appellee.

ROTHROCK, J.—The defendant Cornelia Thayer is the widow of N. Thayer, deceased. In the month of September, 1871, said N. Thayer and one J. M. Forbes entered into a written contract, of which the following is a copy:

" By this agreement the undersigned, Jno. M. Forbes and Nathaniel Thayer, of Boston, Massachusetts, have formed an association for the purpose of buying and selling land in the state of Iowa, and principally on the line of the branch of the Burlington & Missouri River Railroad. This association shall be called the ' Russell Trust.' Each subscriber agrees

to pay over to the agent of said association the sum of six thousand four hundred and forty-five and 12-100 dollars, or as much thereof as may be required by the trustee herein-after provided for, for the purchase of land for the associa-tion; which money shall be paid for in such installments as may be called for by the trustee. The legal title of the land purchased shall be placed in H. S. Russell, as trustee, to be held, managed and sold by him in trust for the benefit of all the parties subscribers hereto, each of said parties having an interest in all the properties and rights which may be acquired in proportion to the amount of his payments to the agent of the association. Said trustee and his successors shall have the right to bargain, sell and convey any and all the property of the association; which sale and business shall be done through and by Charles E. Perkins, of Burlington, Iowa, who shall act as the authorized agent or attorney in fact of said trustee. The death of any of the said parties subscribed shall not in anyway affect the action of said trustee; but he shall become trustee for the legal represen-tatives of such deceased party. The transactions and prop-erty of the association shall be wound up and closed within ten years from date, by auction sale or otherwise, unless all the parties subscribers hereto agree in writing to extend the time. It is understood that the trustee, as long as the details of the business are actually done by an agent, is not to charge for his services, nor is he to be responsible for any-thing but ordinary care in transacting the business of the trust. It is further agreed that the said association and said trustee shall not contract or incur any indebtedness for or against the association aforesaid, but all property shall be purchased for cash in hand. The trustee shall keep a book, showing in detail the business of the association, describing the land bought and sold, the prices paid and received, taxes and all charges and expenses paid and incurred, and all other matters connected with the business of the association, which shall be open to the inspection all the parties hereto. In

case of the death, resignation, incapacity, or refusal of said trustee to act, the members of the association may appoint his successor, by written agreement to that effect. A distribution of the receipts from land sales or otherwise shall, from time to time, be made by the trustee to the parties hereto, or to their heirs or assigns, in proportion to their respective interests.

"Witness our hands this first day of September, 1871.

[Signed]            "J. M. FORBES.
                               "N. THAYER."

H. S. Russell accepted the trust created by said written contract. Business under the contract was carried on by the purchase and sale of lands; and in January, 1872, the said Russell, trustee, sold to the plaintiff the property in controversy, and executed to the plaintiff his warranty deed therefor, which deed was duly acknowledged and recorded. Prior to the sale to plaintiff, the trustee was in possession of the land under a warranty deed to him, and in receiving and conveying the title he acted under the trust created by the written contract. The plaintiff purchased the property in good faith, for a valuable and full consideration, without any notice of any trust affecting the title, except such notice, if any, as would be implied by the fact that in the conveyance to plaintiff the name of the grantor, Russell, was followed by the word "trustee." The business of the association in the "Russell Trust" has not been wound up; but the trustee is continuing to buy and sell land thereunder, by and with the written consent of all the beneficiaries thereof. Said beneficiaries do not desire the affairs of said trust to be wound up, but to continue, and do not ask or desire an accounting between themselves, or between them and the trustee. The associates in the "Russell Trust" authorized and consented to the sale and conveyance to the plaintiff by said trustee, and said trustee has fully accounted to each party interested for his share of the purchase money, and the association has no

creditor except those persons to whom Russell, trustee, has sold lands, and executed his warranty deeds pursuant to the articles of association.

The foregoing is the substance of the agreed statement of facts. The circuit court held that the lands purchased by the partnership or association became personal property, so far as any rights therein might accrue to the individual members of the association. Appellant claims that the wife of a partner or associate became seized of an inchoate interest in the undivided estate, and that she could not be divested of this right, except by her own deed. It is true that, under section 2440 of the Code, a wife is endowable in all " legal or equitable estates in real property possessed by the husband, at any time during the marriage, which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right." We think, however, that the defendant's husband was not possessed of any estate in the lands in question. The enterprise was a partnership, the object of which was to buy and sell real estate; and the interest of the individual members of the partnership was the proceeds of the sales of the land. The written contract expressly provides that the trustee shall be invested with the legal title of the land purchased, and the same shall be sold and conveyed by him, and a distribution of receipts from the land sales shall, from time to time, be made to the members of the association, in proportion to their respective interests. It was not contemplated that there should at any time be any partition or division of the lands among the members of the partnership; but the contract plainly provides that the lands shall be sold by the trustee, and the proceeds divided among the several partners. Being partnership land, it must be treated as personal assets, not only so far as the rights of creditors of the partnership are involved, but, so far as necessary, for the purpose of carrying out the provisions of the partnership contract. It is plain to be seen that, if the claim of plaintiff be well founded,

a husband could not become a member of a partnership of this character, without associating his wife with him as a member of the firm. It is not claimed that the contract of partnership is void. Contracts of partnership for buying and selling real estate as a business are as valid and binding upon the parties as any other legal contracts. The parties to this contract expressly provided that the title to the land should be held by a trustee, and that he should sell and convey a clear and absolute title. The contract itself rebuts the idea that persons who paid their money in aid of the enterprise became seized of any estate in the land. Their relation to the enterprise was very much like the relation of a stockholders in a corporation to the property of the corporation.

We are very clearly of the opinion that the defendant is not entitled to any interest in the land. See *Hewitt v. Rankin*, 41 Iowa, 35.

AFFIRMED.