## KATIE E. HUGHES, APPELLANT,

### v.

## SIMEON ALLEN ET AL.

JANUARY TERM, 1894.

*Is copartnership real estate personal property in respect to deceased partner's widow ?*

1. *Quære,* whether a deceased partner's share in the real estate of the partnership is to be treated as personal property upon the distribution of the estate.

2. The articles of copartnership provided that in case of dissolution the real estate should not be sold nor brought into an accounting, but that the shares of the respective partners should remain vested in them, their heirs and assigns. *Held,* that upon the decease of a partner and the distribution of his estate his share in the realty should not be treated as personal property.

Appeal from an order of the probate court for the district of Fair Haven, denying the petition of Katie E. Hughes, the widow of H. G. Hughes, that the interest of her husband in certain copartnership real estate be treated as personal property in the distribution of his estate. Heard upon an agreed statement of facts at the March term, 1892, Rutland county, Ross, C. J., presiding. Petition dismissed *pro forma.* The petitioner excepts.

*J. C. Baker* for the petitioner.

Real estate contributed by way of original capital becomes partnership property. *Wiegand* v. *Copeland*, 14 Fed. Rep.

118; *Sigourney* v. *Munn*, 7 Conn. 11; *Buchan* v. *Sumner*, 2 Barb. Ch. 165; *Grissom* v. *Moore*, 106 Ind. 296.

Partnership real estate is distributed like personal property. *Rice* v. *Barnard*, 20 Vt. 479; *Dewey* v. *Dewey*, 35 Vt. 555; 1 Sto. Eq. Jur. s. 674 and note; 2 Lindley Part., 343; *Darby* v. *Darby*, 3 Drew 495; *Attorney General* v. *Hubbock*, 10 Q. B. Div. 473; *Murtagh* v. *Costello*, 7 Irish L. R. 428; *Allen* v *Withrow*, 110 U. S. 119; *Paige* v. *Paige*, 17 Iowa 318; *Burnside* v. *Merrick*, 4 Met. 537; *Dyer* v. *Clark*, 5 Met. 562; *Howard* v. *Priest*, 5 Met. 582; *Mallory* v. *Russell*, 71 Iowa 63; *Re Ransom*, 17 Fed. Rep. 331; Sto. Part. 95, 111, 148, n. p. 96.

*H. A. Harman* for the estate.

According to the American doctrine copartnership real estate is not treated as personalty of a deceased partner's estate. Bates Part., s. 297; *Wilcox* v. *Wilcox*, 13 Allen 252, 255; *Harris* v. *Harris*, 153 Mass. 443; *Tillinghast* v. *Champlin*, 4 R. I. 207; *Buchan* v. *Sumner*, 2 Barb. Ch. 165, 200-206; *Campbell* v. *Campbell*, 30 N. J. Eq. 417; *Young* v. *Trasher*, (Mo.) 21 S. W. 1104.

In this case the partners have expressly declared that the real estate in question shall not be personal property upon the winding up of the partnership.

TYLER, J. It appears by the agreed statement, upon which the case is submitted, that prior to Dec. 10, 1878, Hugh G. Hughes, the husband of the petitioner, owned in severalty the slate quarry, land and buildings in question, situated in Poultney, and that on that day he conveyed an undivided fourth part thereof to one Roberts, with whom, on Feb. 27, 1879, he entered into a contract of copartnership in the business of manufacturing slate and selling the same in this country and in London, Eng., which copartnership continued until the decease of Hughes which occurred

March 6, 1884. At the time of his decease he owned other real and personal property in no way connected with the copartnership. The petitioner and her co-administrator, Allen, under license from the probate court, in June, 1884, sold the remaining three-fourths interest in the quarry, etc., to Roberts for the sum of ten thousand dollars, which was eventually realized. The home place of the intestate, which was the only other real estate he owned, was also sold under license and the avails were divided between the petitioner and the guardian of the minor children.

The widow of Hughes petitioned the probate court that the copartnership real estate might be treated as personal property, and that she might have her distributive share therein under the rule of law applicable to the distribution of personal estate. The defendants contended that the petitioner had only a dower interest in the partnership realty.

The claim of the petitioner is that land held for partnership purposes is to be regarded in law as personal property, not only in respect to creditors of the firm and surviving partners, but also in respect to the widow of the deceased partner. The question is one upon which there has been much discussion, and a contrariety of opinions.

Some of the American cases to which the petitioner's counsel has referred us do not fully support the rule in England. In *Allen* v. *Withrow*, 110 U. S. 119, Mr. Justice Field remarks that real property owned by a partnership and purchased with partnership funds is, for the purpose of settling the debts of the partnership and distributing its effects, treated in equity as personal property. In that case the heirs-at-law of Mrs. Allen brought a bill to enforce a trust in relation to real and personal estate which they claimed was made in her favor in her life-time for a partnership. It was found that a trust was not in fact created, so the real question at issue here was not involved in the decision of that case.

In *Mallory* v. *Russell*, 71 Ia. 63, the contract of partnership for the purchase and sale of real estate provided that such real estate should be conveyed to and by a certain person as trustee, and contemplated a conversion of all lands into cash before a settlement of the partnership, and not a division of any lands between the partners. It was held that lands so purchased were to be regarded as personal property of the firm and that the wife of a partner had no dower interest in them.

In *Rice* v. *Barnard et al.*, 20 Vt. 479, Judge Redfield used the expression, " no sound reason now occurs to us why real estate belonging to copartnership funds should not follow the same law of distribution in a court of chancery, which is applied to personal property." But the question in that case was only in relation to the priority of partnership over private creditors in the distribution of partnership assets.

In Lind. on Part., 5th Ed. 343, it is stated as the general rule in England, that if a share of a partner is nothing more than his proportion of the partnership assets after they have been turned into money and applied in liquidation of the partnership debts, it necessarily follows that in equity a share in a partnership, whether its property consists of land or not, must, as between the real and personal representatives of a deceased partner, be deemed to be personal and not real estate. But the author admits that the authorities on this subject are not uniform. Story on Part., s. 95, n., gives a list of American cases which sustain the claim made by the petitioner in this case, but it is conceded that the weight of authorities sustains the contrary doctrine.

The various works upon partnership and upon equity jurisprudence, wherein this subject is treated, as well as numerous decisions of courts, concur in this, that equity converts real estate, held for partnership purposes, into personalty, so far as may be necessary to settle all the equities between the firm and its creditors and between the partners

themselves. Eminent authorities go farther and say that this rule also prevails as between the representatives of the partners. Sto. Eq. Jur., s. 674; 3 Kent, 39; Hosmer, C. J., in *Sigourney* v. *Munn*, 7 Conn. 11; Lind. on Part., *supra*.

In the notes to Lindley the editor says that the English rule, so carefully stated by the author and sustained by the strong current of authorities in that country, does not obtain in the United States beyond the necessity of considering realty as personalty in winding up the partnership affairs; that the balance, not required for the settlement of the liabilities of the partnership, goes to the representatives of the deceased partner by devise or inheritance; that the widow takes dower in her husband's share of the residue. Cases from Mass., N. Y., N. J., Pa., and several other states are cited. *Smith* v. *Jackson*, 2 Edw. Ch. 28, is referred to as a leading case on this subject.

In *Buchan* v. *Sumner*, 2 Barb. Ch., Walworth, Chancellor, reviews the English and American cases and declares the law to be in this country that though a court of equity considers and treats real property as a part of the stock of the firm, it leaves the legal title undisturbed except so far as is necessary to protect the equitable rights of the several members of the firm therein. In *Tillinghast* v. *Champlin et al.*, 4 R. I. 173, and in *Shearer*, *Admr.*, v. *Shearer et al.*, 98 Mass. 107, substantially the same doctrine is held. To the same effect is the opinion of Sharswood, J., in *Foster's Appeal*, 74 Penn. St. 391; 1 Wash. R. P. *159.

In the well considered case of *Lenow* v. *Fones*, 48 Ark. 561, Cockrill, C. J., says that the contrary doctrine was invented for the convenience and accommodation of trade and upon the theory that when partners put land into a commercial firm it must be taken that they intend it to be treated as personalty since commerce concerns itself with personal property alone; that having evinced a design to treat the

lands as personalty by putting them into the partnership stock, the conversion into personalty is presumed to continue for all purposes unless the contrary intention is in some way shown.    He declares that the stronger tendency in this country is to limit the doctrine of equitable conversion strictly to the purposes which demand its operation ; that when the partnership is closed and all rights of creditors and partners settled, the realty should resume its natural character for those having no relation to the partnership, whether it was purchased by individual partners and placed in the common fund, or by them jointly and paid for with partnership funds.    There is no occasion to *presume* an intention by the partners to change the course of descent.

When there is an agreement between the partners for a conversion and sale of the lands after the partnership affairs are closed, and for a distribution of the proceeds, equity regards the lands as personal property, not only for partnership purposes, but for distribution, upon the principle that what the parties have directed to be done shall be taken as already done.

In this case the partners, by their contract of copartnership, agreed,

" That, upon the dissolution of said partnership, from any cause whatever, the freehold estate and interest of the said partners respectively in the said quarry shall not be brought into such accounts and valuations, nor shall the same be sold, but the same shares and interest in the said quarry shall continue to belong to and remain vested in the said partners, their heirs and assigns, in the shares and proportions in which they shall then respectively be entitled to the same."  .

This would seem to take the case out of the terms even of the English rule.

The views above expressed are not intended to affect the petitioner's right of dower in the partnership property.

*Judgment affirmed.*