Estate of Benjamin Fritz, deceased. Appeal of H. M. Werner and Charles E. Quigley, Administrators of the Estate of Margaret E. Fritz, deceased.

*Auditor—Findings of fact rarely disturbed when confirmed.*

Where an auditor has carefully investigated every question presented for his consideration and based his findings upon ample testimony, and when he is confirmed on exception by the court below, the appellate court will not ordinarily disturb his findings of fact.

Argued Nov. 12, 1896. Appeal, No. 84, Nov. T., 1896, by H. M. Werner and Charles E. Quigley, administrators of the estate of Margaret E. Fritz, deceased, from decree of O. C. Lancaster Co., dismissing exceptions to auditor's report and confirming said report absolutely. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, OLRADY and SMITH, JJ. Affirmed.

Exceptions to auditor's report.

The appellants in this case are the administrators of Margaret E. Fritz, deceased, who was the widow of Benjamin Fritz. By the will of Benjamin Fritz, Isaac, his son, became the executor thereof. The appeal herein is taken upon exceptions to the report of the auditor. The auditor, in his report, granted to Isaac Fritz, the executor, an allowance against the estate of which he was executor upon a note of $687.93, drawn in favor of Michael Fritz, son of Benjamin Fritz, as agent. It was alleged on the part of the appellant that said note was a forgery. In defense of the note the executor contended that Michael Fritz, prior to and at the time of the death of Benjamin Fritz, was insolvent; that he farmed his (Isaac Fritz's) land as agent; that said note came into his possession in settlement for money owed to him by Michael Fritz; that at the time of Benjamin Fritz's death, Michael had no interest in said note. These facts were proved by competent witnesses other than Michael Fritz. The auditor admitted Michael Fritz's testimony thereon and gave the note a pro rata participation in the distribution of the estate. It was also alleged by appellants that the executor did not account for all the funds he had received. The exceptions to the report of the auditor were presented to the court, whereupon the report was confirmed and the exceptions dismissed.

*Errors assigned* were, (1) the award of $563.04 on the Michael Fritz note; (2) the admission of the testimony of Michael Fritz and other parties in interest to support the claim of said note; (3) the charge upon Margaret E. Fritz of $155.94 for goods purchased from Isaac Fritz, executor; (4) the award to Isaac Fritz of costs and commissions.

*B. F. Davis*, for appellants.

*W. U. Hensel*, with him *J. Hay Brown* and *B. Frank Eshleman*, for appellee.

OPINION BY WILLARD, J., December 7, 1896:

The only question involved in this case is whether the facts found by the auditor were warranted by the testimony before him, and whether some of the witnesses whose testimony he admitted were competent. The principal contention before the auditor was over a note given by the testator in his lifetime to his son Michael for $687.93, and by Michael, for value received, transferred to his brother Isaac, who is the executor of his father's will.

Isaac claimed the note as entitled to its pro rata share in the distribution. Objections were made to its admission for that purpose, first on the ground that it was a forgery, and second that it was received without value by the executor for the purpose of speculation out of his father's estate. There was absolutely no evidence to sustain either allegation. Michael Fritz and Jacob Fritz, sons of the testator, were called as witnesses to prove the genuineness of their father's signature to the note. Neither of them had any interest in the estate and so testified. They were therefore competent. The auditor found as fact that the note was the genuine note of the testator from the testimony of several other witnesses. The testimony was also sufficient to prove that Isaac Fritz paid full value for the note.

As to the other questions raised by the assignments of error, we deem them insufficient to warrant further discussion. After a careful perusal of all the testimony before the auditor on every question presented, we are satisfied that his findings of fact were fully supported and that the exceptions to his report were unwarranted. And we further hold that where an auditor has carefully investigated every question presented for his consideration and based his findings upon ample testimony, when confirmed on exception by the court below, we will not ordinarily disturb his findings of fact.

In this case the auditor was appointed by the court to pass upon two exceptions to the account of the executor. He not only passed upon these questions, but patiently entertained and passed upon others raised by the appellants.

The court below heard the parties on the exceptions filed

by the appellants, dismissed them and confirmed the auditor's report absolutely. There was no error in the judgment of the court. The specifications of error are overruled and the judgment affirmed.