SAGENDORPH *v.* LUTZ.

1. FRAUDS, STATUTE OF—INTEREST IN LAND NOT CREATED BY PAROL.
In general, an interest in land cannot be created by parol (3
Comp. Laws 1929, § 13411).

2. TRUSTS—GRANT OF LAND—TITLE—CONSIDERATION.
Notwithstanding the consideration for a grant of land is paid
by one person and title taken in the name of another, no use
or trust results in favor of the person by whom such payment
is made, as title vests in the person named as grantee in the
conveyance subject only to certain statutory provisions (3
Comp. Laws 1929, §§ 12973, 12974).

3. SAME—EXECUTION—REAL ESTATE—DOWER.
Grantee in a deed to a city lot who was designated as trustee in
the deed, and who executed a written declaration of trust six
days after receiving deed pursuant to a previous oral agree-
ment, *held*, to have created a valid trust of realty in which
wife of trustee never acquired a dower interest, where testi-
mony showed wife of trustee did not sign the declaration of
trust and testimony of attorney who drafted both of the in-
struments showed they were part and parcel of one transaction
(3 Comp. Laws 1929, §§ 12973, 12974, 13072, 13411).

4. SAME—EXECUTION—EVIDENCE—DOWER.
Testimony as to circumstances under which a written declaration
of trust was executed *held*, admissible in suit to quiet title
against asserted claim of inchoate dower on part of wife of
trustee (3 Comp. Laws 1929, § 13072).

5. SAME—TITLE OF TRUSTEE—DOWER.
Grantee of real estate who took and held title as mere trustee
never became possessed of an estate of inheritance in which
his wife could acquire a dower interest where, had he died,
equity would have directed performance of the trust (3 Comp.
Laws 1929, § 13072).

6. SAME—EQUITABLE CONVERSION—DOWER.

Person, who took and held title to real estate as trustee under trust instrument, limiting trust to five years or until such time as property should be sold and turned into cash, and under which respective parties interested held trustee certificates and trustee individually held a half interest evidenced by such certificates, *held*, not to have held title incumbered by an inchoate dower interest in his wife, as the transaction should be viewed as a whole and under the theory of equitable conversion the trust *res* should be considered and treated as personalty (3 Comp. Laws 1929, § 13072).

7. DOWER—TITLE OF HUSBAND.

A wife does not, under all circumstances become possessed of a dower interest in lands to which her husband takes title such as where he purchases land and gives back a mortgage which she does not sign leaving her dower interest to attach merely to the equity of redemption (3 Comp. Laws 1929, § 13072).

8. REAL PROPERTY—MERGER OF ESTATES—INTENT.

In order that the equitable estates in land may merge into the legal estate vested in the same person it is essential that the legal estate be commensurate with or more extensive or comprehensive than the equitable as the latter cannot merge in a partial or particular legal estate; and merger will not take place if it be contrary to the intention of the parties.

9. SAME—MERGER—LAW—EQUITY.

In law the legal and equitable estates will merge wherever the interests meet but courts of equity will preserve the estates separate, where the rights or interests of the parties require it.

10. SAME—MERGER—QUIETING TITLE—DOWER.

Estates of trustee under trust of real estate of five years' duration who also held a half interest evidenced by transferable certificates *held*, not to have merged so as to permit attachment of inchoate dower interest of wife of trustee, in suit to quiet title brought by other beneficiaries against such wife and transferees under recorded conveyance, after decree ordering sale of property and accounting by trustee (3 Comp. Laws 1929, § 13072).

Appeal from Jackson; Williams (Benjamin), J. Submitted June 8, 1938. (Docket No. 26, Calendar No. 39,916.) Decided October 5, 1938.

Bill by William K. Sagendorph and others against Margaret Lutz and others to quiet title to land. From decree for plaintiffs, defendants appeal. Affirmed.

*Sagendorph, Dahlem, Vincent & Dahlem,* for plaintiffs.

*Rosenburg, Painter & Cristy* and *Harold M. Shapero,* for defendants.

NORTH, J.   Plaintiffs seek by this bill in chancery to quiet their title to a parcel of land in the city of Jackson as against an inchoate right of dower asserted by defendant Margaret Lutz. The other defendants have no interest in the outcome of this suit. The circuit judge decreed that Margaret Lutz, hereinafter called defendant, does not possess a dower right, and she has appealed.

The following facts are pertinent to an understanding of the basis upon which defendant asserts a dower interest. Margaret Lutz is the wife of Martin I. Lutz. During the period covered by this litigation they resided in Jackson, Michigan. On November 24, 1922, the Congregational church in Jackson conveyed by warranty deed the property in question, a lot four rods by eight rods, to Martin I. Lutz, *trustee.* Six days later Martin I. Lutz executed a written declaration of trust pursuant to a previous oral agreement, but the declaration was not signed by the wife, Margaret Lutz. In brief the declaration of trust covers a previous oral agreement between Martin I. Lutz, Eugene L. O'Connor and William K. Sagendorph, whereby the property purchased was to be held by Martin I. Lutz as trustee for the purpose of developing it commercially

and disposing of it within a period of five years. In this particular the trust provided:

"That he will hold and operate and handle said property for the best interests of the *cestuis que trust* and their assigns, without charge or expense to the *cestuis que trust* or their assigns, except as to their interest in said fund or corpus. * * *

"The life of this trust shall be five years or until such time as said property shall be sold and disposed of and turned into cash at which time said trustee will account fully to the said *cestuis que trust* for his doings and for the management thereof and will divide said trust property among the said *cestuis que trust* and their assigns as their interests may appear and account to them for his trusteeship."

As evidence of their title the respective parties interested in the trust property held trustee certificates which recited that they were "transferable only on the books of Martin I. Lutz, trustee, in person or by attorney upon surrender of this certificate properly indorsed." Mr. Lutz continued to act as trustee until the early part of 1927, at which time Lutz held certificates for a one-half interest in the trust property, O'Connor a one-fourth interest and Sagendorph a one-fourth interest. Notwithstanding the five-year period provided in the trust agreement had not yet expired on April 6, 1927, O'Connor and Sagendorph filed a bill in chancery seeking the removal of Lutz as trustee and for other relief. This litigation resulted in a decree for an accounting, a sale of the trust property and a division of the proceeds. At the decreed sale O'Connor and Sagendorph became purchasers and received a commissioner's deed dated April 23, 1928. Margaret Lutz was not a party to the above noted litigation. By reason of her attempted conveyance of an inchoate

right of dower in the property and such conveyance being placed of record, the plaintiffs instituted this suit to quiet their title.

It is claimed by defendant Margaret Lutz that since the property involved is real estate the oral agreement as to the contemplated trust arrangement was void, the written declaration of trust not having been signed by her husband until six days after execution and delivery of the deed to him as trustee. On this theory defendant asserts an inchoate right of dower in the whole of the real property; and further, in event the foregoing contention is not sound, she asserts an inchoate right of dower in a one-half interest in the property of which her husband Martin I. Lutz possessed both the legal and equitable title prior to the sale under the above noted decree. The sole question for adjudication is whether defendant Margaret Lutz has any dower interest in this property.

"The widow of every deceased person shall be entitled to dower, or the use during her natural life, of one-third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof." 3 Comp. Laws 1929, § 13072 (Stat. Ann. § 26.221).

No claim is made that defendant has barred or released, in a manner provided by statute (3 Comp. Laws 1929, §§ 13080, 13081 [Stat. Ann. §§ 26.229, 26.230]), any right of dower in this property. Instead plaintiffs assert defendant never possessed such a right. In view of the statute above quoted it is obvious that defendant's right of dower depends solely upon whether Martin I. Lutz "was seized of an estate of inheritance" in this parcel of land.

In general it may be stated that an interest in land cannot be created by parol. 3 Comp. Laws 1929, § 13411 (Stat. Ann. § 26.906). And notwithstanding the consideration for a grant of land is paid by one person and title taken in the name of another, no use or trust results in favor of the person by whom such payment is made. Instead the title vests in the person named as grantee in the conveyance, subject only to certain statutory provisions. 3 Comp. Laws 1929, §§ 12973, 12974 (Stat. Ann. §§ 26.57, 26.58). Nonetheless, under the circumstances of the instant case it must be held that a valid trust was created upon the execution of the declaration of trust by Martin I. Lutz on November 30, 1922. This instrument was signed by Lutz only six days after he received the deed as a trustee. Under the testimony there can be no question but that the execution of the written declaration of trust was part and parcel of the original transaction agreed upon by Lutz, O'Connor and Sagendorph. The latter, an attorney, testified:

"I think the next thing we did was to get the deed from the church and within a day or two, doctor (Lutz) came in and signed his articles. I imagine the articles were drawn before we got the deed.

"I made them both out; I made the articles and declaration of trust out, and I made the deed out. They were both in my office for some time before they were executed."

Notwithstanding it was requisite to have the declaration of trust in writing as to this real property, nonetheless the oral testimony, taken over defendant's objection, was admissible to establish the circumstances under which the written declaration of trust was executed. Under the circumstances we think there is no room to question the validity of the

trust and that defendant Margaret Lutz did not become vested with a dower right in the one-half of the trust *res* possessed by O'Connor and Sagendorph. This result follows because Martin I. Lutz took and held title as a mere trustee. He never possessed in the whole of this parcel of land "an estate of inheritance." Had he died the trust would not have failed. Equity would have directed its performance.

The remaining question is whether Mrs. Lutz became vested with a dower interest in one-half of the trust property on the theory above indicated, that her husband possessed both the legal title and the equitable title thereto, that these two titles merged, and hence her right of dower accrued.

Confessedly as to a one-half interest in this land Martin I. Lutz held both the legal title and the equitable title. But it does not follow that equity must find the two titles merged. Instead the circumstances surrounding the holding of the separate titles must be considered. Prior to the purchase of the property these men contemplated a joint undertaking or enterprise. It was first orally agreed and then embodied in the written declaration of trust that the interest of each in the trust property should be evidenced by certificates (not by deeds) "which are negotiable and assignable;" and the interest of Martin I. Lutz and each of the other participants was so evidenced. And further the declaration provided the life of the trust was for five years only, within which period the trustee was to sell the property. It was to be "disposed of and turned into cash at which time said trustee will account fully to said *cestui que trust.*" If as to the one-half interest of Martin I. Lutz the court were to hold that merger of the legal and equitable titles occurred and

dower right of Mrs. Lutz accrued, the power to execute the trust would be defeated because the trustee could not then convey and thereby execute the trust, except Mrs. Lutz voluntarily joined in release of her right. The trust as originally consummated was valid in every respect and equity should not, by resort to a theory of merger, render the trust plan unworkable. Instead the transaction should be viewed as a whole, and under the theory of equitable conversion the trust *res* should be considered and treated as personalty, thus rendering it unincumbered by defendant's asserted inchoate right of dower. Such a view is justified because from its inception the seizin of Martin I. Lutz was merely transitory. He held title only in trust for the purpose of converting the trust property into cash and accounting therefor to those interested in the trust *res*.

There are many holdings to the effect that a wife does not under all circumstances become possessed of a dower interest in lands to which her husband takes title. In a case where land was conveyed to the husband and a mortgage taken back, it was considered as one transaction, and the grantee's wife, although she did not join in the mortgage, had a dower right in the equity of redemption only. *Young* v. *McKee*, 13 Mich. 552.

Where a husband gave his notes for the purchase price of land and afterwards reconveyed title to his vendor in satisfaction of the notes it was held the wife, who did not join in the deed, did not have a right of dower. *Hugunin* v. *Cochrane*, 51 Ill. 302 (2 Am. Rep. 303).

See, also, *Stow* v. *Tifft*, 15 Johns. (N. Y.) 458 (8 Am. Dec. 266); *Mayburry* v. *Brien*, 15 Pet. (40 U. S.) 21; *Hunter* v. *Anderson*, 152 Pa. 386 (25 Atl.

538); *Willing* v. *Peters,* 7 Pa. 287; *Coster* v. *Clarke,* 3 Ed. Ch. (N. Y.) 428; *Mallory* v. *Russell,* 71 Iowa, 63 (32 N. W. 102, 60 Am. Rep. 776).

''Where the legal and equitable estate in the same land becomes vested in the same person, the equitable will merge in the legal estate; for a man cannot be a trustee for himself, nor hold the fee, which embraces the whole estate, and at the same time hold the several parts separated from the whole. But in order that this may be true, the two estates must be commensurate with each other; or the legal estate must be more extensive or comprehensive than the equitable. The equitable fee cannot merge in a partial or particular legal estate.  *  *  *  The fact that one of the beneficiaries becomes a trustee does not bring about merger.  *  *  *  And there will be no merger, if it is contrary to the intention of the parties.  *  *  *  Of course, in law the estates will merge wherever the interests meet; but courts of equity will preserve the estates separate, where the rights or interests of the parties require it.'' 1 Perry on Trusts and Trustees (7th Ed.), § 347, p. 588.

''If the equitable and the legal estates meet in one person, the equitable estate is generally merged in the legal estate, and the trust comes to an end. But such extinguishment of the equitable estate will not occur, it is said, unless the estates are of equal duration, or unless the legal estate is greater than the equitable, and a court of equity would probably regard the legal estate as still outstanding if necessary to carry out the purposes of the trust, or to prevent injustice.'' 1 Tiffany Real Property (1st Ed.), § 101, p. 246.

Under the circumstances of this case it must be held there was no merger of the legal title held by Martin I. Lutz as trustee and the beneficial interest

possessed by him as a holder of a certificate of interest in the trust property. Neither the title held by him as trustee nor his equitable interest as a certificate holder vested him with an estate of inheritance in the real property. It follows that his wife, Margaret Lutz, did not become possessed of a dower interest. The decree entered in the circuit court is affirmed, with costs to appellees.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.