ALFRED BOOTH ET AL. V. JOHN F. OLIVER.

*Lease—Fixtures—Lien of lessor for rent—Chattel mortgage.*

1. Where the parties to a lease have agreed to treat machinery placed in a building as *personalty*, the manner and method of its *fixture* becomes unimportant, and such a stipulation covers machinery put in by an assignee of the lessees.

2. The assignees of a lease providing that machinery placed on the leased premises should be considered and treated as chattel property, and that the lessors should have a lien upon all *improvements* made on said premises by the lessee as security for rent and taxes, enforcible in like manner as a chattel mortgage, being in possession, may mortgage such machinery, and cut off the enforcement of such lien, the lessors having taken no steps to reduce the property to possession thereunder, it not being as binding as an unrecorded chattel mortgage. *Holmes v. Hall*, 8 Mich. 66; *Dalton v. Laudahn*, 27 Id. 529.

Error to Delta. (Grant, J.) Argued November 2, 1887. Decided January 5, 1888.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*F. O. Clark*, for appellant.

*F. D. Mead*, for plaintiffs.

MORSE, J. This is an action of replevin to recover possession of a planer and other machinery in a planing-mill in the city of Escanaba, in Delta county.

The defendant is one of the lessors of the mill, and the plaintiffs claim the property by virtue of a chattel mortgage executed by Harris Brothers, the lessees of the mill.

On the first day of March, 1878, Nelson Ludington and others executed and delivered to the defendant, John F. Oliver, and Frederick O. Clark, a paid-up lease for the term

of seven years of the premises upon which said planing-mill was s·tuated. The lease contained an agreement that Oliver and Clark should have the—

" Right to remove from said premises all machinery, shingle-mills, and improvements made for the managing of a mill located upon said premises after the date of this lease, and may remove the same after the expiration of said lease."

On the twenty-fourth day of March, 1880, Clark and Oliver made a lease of a portion of the premises described in their lease from Ludington to one Wells M. Ruggles. The lease to Ruggles covered the ground upon which the planing-mill was located. This lease was recorded in Book E of Deeds, in the register of deeds' office for the county of Delta, on the fifth day of October, 1880. The lease was for the term of six years from and after December 19, 1879. It contained the following provision:

"And it is understood that the parties of the first part [Clark and Oliver] reserve,and shall at all times have, possess, aud hold, a lien upon all improvements made on said premises by the party of the second part [Ruggles], as a security for any unpaid balances of money due under this contract, either as rental or unpaid taxes, and said balances being deemed and to be treated as balances of purchase money, and which lien may be enforced against such improvements in like manner as liens conferred by chattel mortgage are, or may be entitled to be, enforced under the laws of the State of Michigan."

The lease also contained a clause authorizing the lessee to remove from said premises all machinery located upon the same by him, and provided that he might remove the same after the expiration of his lease, in case the rent and taxes had been paid ;—

" All said machinery so put in by said second party to be considered and treated by both first and second parties as chattel property."

Ruggles only paid $55 of the rent, which was stipulated to be $200 for each of the first two years, $300 for each of

the next two years, and $400 for each of the last two years.

On the seventh day of October, 1881, Ruggles assigned all his interest in the lease to the Harris Brothers, said Harris Brothers assuming all liabilities under the same to Clark and Oliver for unpaid rent and taxes. This assignment was also recorded in a book of deeds in the register's office.

The machinery replevied was placed in the mill by Harris Brothers, after the assignment of the lease to them. It was firmly and substantially affixed to the mill, and was so placed for the purpose of carrying on the planing-mill, being bolted down through the floor and into the joists and timbers upon which the floor of said mill rested, and otherwise fastened so as to make it substantial in its operation by steam-power, and permanently affixed to said building, so as to require the disconnecting and loosening of bolts and other fastenings by which it was affixed to the building before it could be removed. It was put in between the first day of October, 1881, and the thirtieth day of November in the same year

On the last-named day Harris Brothers made a chattel mortgage covering this machinery to one John Semer for $1,000. On the twenty-fourth day of November, 1883, there was due upon this mortgage the sum of $631.62, and on that day Semer assigned this chattel mortgage to the plaintiffs in this case.

Harris Brothers also executed a second chattel mortgage upon the same property to one Wallace, who on the twenty-second of January, 1883, assigned the same to plaintiffs. At that date there was $900 due upon it.

August 22, 1884, Harris Brothers also mortgaged this machinery to plaintiffs for $500. These mortgages were all renewed from time to time in accordance with the statute.

The lease from Ludington and others to Clark and Oliver was recorded in Book E of Deeds, in the register of deeds' office for Delta county, June 1, 1880. At the time of the

trial there was admitted to be due and unpaid for rent and taxes under their lease the sum of $1,650.19 from Harris Brothers to Clark and Oliver.

When the writ was issued in this suit, the defendant, Oliver, was in possession of the property on account of the failure of Harris Brothers to pay said rent and taxes, having taken possession under a clause in said lease authorizing him to do so. When he took possession, this machinery was still affixed to said building as heretofore stated, and at the time of the service of the writ he held the possession of the same "as security for said rent, or so claimed to hold it," acting for himself and said Clark. When the property was taken by the sheriff under the writ of replevin, the machinery had been disconnected from its fastenings by the said Oliver for the purposes of removal, but was still in the building.

The value of the property was agreed to be $1,200.

The plaintiffs made a demand for the property before commencing suit.

Ruggles used the property as a planing-mill and grist-mill before his assignment to the Harris Brothers.

The facts as above stated were stipulated upon the trial.

The circuit judge instructed the jury that the machinery did not come under the clause of the lease which gave Clark and Oliver a lien upon the improvements; that a distinction was made in the lease between machinery and improvements, which showed the intention of the parties that the term "improvements" should not cover or embrace the machinery; that the machinery, under the agreement of the parties, must be considered personal property, notwithstanding the manner of its fixture to the building; that as, at the time Harris Brothers gave these chattel mortgages, Clark and Oliver had not taken any steps to reduce this property to their possession, and Harris Brothers were in possession, they had a right to mortgage or sell this machinery, and Clark

and Oliver would have no remedy; that, if Clark and Oliver had any lien upon the property, it was the same as an unrecorded chattel mortgage, and could not aid them in this case; and that they must therefore find a verdict for the plaintiffs.

The defendant brings the case here for review on writ of error.

The circuit judge was right in holding the property replevied to be, under the circumstances, personal property. The parties to the lease, Clark and Oliver, lessors, and Ruggles, lessee, expressly stipulated in the instrument that all machinery put in by the lessee should be treated as "chattel" or personal property. Harris Brothers were the assignees of Ruggles, and the machinery put in by them was covered by this stipulation.

When the parties have thus agreed to treat this machinery as personalty, the manner and method of its fixture to the building becomes unimportant.

Being personal property, this machinery was subject to chattel mortgage the same as any other personalty.

But the defendant claims that, by reason of the clause as to removal in the lease from Clark and Oliver to Ruggles, this property could not be removed from the building until the rent and taxes were paid; that a lien under the lease existed upon the machinery for unpaid taxes and rent, which lien was superior to the chattel mortgages, and must be first satisfied. He claims that the manner of affixing the machinery to the building, in the absence of any agreement, gave the said machinery the appearance of realty, and that the agreement constituting it personalty is found in the lease, and the same instrument which gives to Clark and himself a lien upon it, and forbids its removal from the premises, until the rent and taxes are paid; that the mortgagees had notice from the character of the attachment of the machinery to the building that it was realty, and, if they

ascertained that it was personalty, they must obtain their knowledge from the lease, which would also give them notice of the lien.

This machinery, before it was placed in the mill, was personal property. It therefore never ceased to be anything but personalty, as its attachment to the building, by the express agreement of all the parties interested, did not change its character. It was therefore always to be treated as personal property, and to be governed by the rules applicable to such property. Whether the lien in the lease covered this machinery under the term "improvements" or not, no person was obliged to go to this lease to determine whether the machinery was personal or real estate. And the record of the lease was no notice to third parties of the existence of such lien. They were not bound to search the record of deeds to ascertain whether or not this personal property was encumbered.

We also think the circuit judge was right in holding that Clark and Oliver, at the time these mortgages were given, having taken no steps to reduce the property to possession under the lien claimed by them, and Harris Brothers being in possession, they (Harris Brothers) had a right to mortgage the machinery, and Clark and Oliver would have no remedy. Their lien was not as binding as an unrecorded chattel mortgage, under the decisions of this Court. See *Holmes v. Hall,* 8 Mich. 66, and *Dalton v. Laudahn,* 27 Id. 529

The claim of the defendant's counsel upon the argument that—

" The moment the property was permanently affixed in the manner it appears it was attached, there vested in the lessors a *present interest, permanent and unchangeable,* and a *conditional possession,* which could not be changed in its character, namely, in its permanent affixing [except upon the conditions upon which there might be a removal], and that the lease, therefore, gave them, in effect, a pledge of the property in possession,"—

Is not tenable under the circumstances of this case.

As before said, and under the numerous decisions of this Court, cited by both counsel in their briefs, the manner and character of the attachment of the machinery to the building cuts no figure in the case, and cannot weigh or have any control as against the expressed intention of the parties.

The rights of Clark and Oliver under this lease cannot be enlarged by the method of affixing the property in question to the mill.

The judgment of the court below is affirmed, with costs.

SHERWOOD and CHAMPLIN, JJ., concurred.

CAMPBELL, C. J., did not sit.