JOHN WILLIAMS v. FRANK D. HYDE AND DURWARD M. HYDE.

*Mortgage—Standing timber—Notice.*

1. Standing timber is an interest in real estate;[1] citing *Russell v. Myers*, 32 Mich. 522.

2. The filing in the office of the township clerk of a mortgage on standing timber is notice to no one; citing *Booth v. Oliver*, 67 Mich. 664.

Error to Mecosta. (Palmer, J.) Submitted on briefs October 25, 1893. Decided December 22, 1893.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*E. F. Dewey (F. W. Cook,* of counsel), for appellant.

*Frank Dumon,* for defendants.

McGRATH, J. On the 17th day of December, 1891, one Erickson entered into a written agreement with one St.

———

[1] See *Fletcher v. Township of Alcona,* 72 Mich. 18, holding the doctrine of the head-note, and *White v. King,* 87 Mich. 107, holding that the absolute title to standing timber will not pass except by deed, in the same manner as the fee of the land.

Clair, whereby the former leased to the latter a certain shingle mill and outfit, and also gave to the latter a license to cut into shingles all the pine timber upon certain described lands; and the latter agreed to manufacture said timber into shingles, and to pay to the former certain specified prices per thousand for all shingles so manufactured. This agreement was delivered December 29, when St. Clair took possession, and was operating the same when this action was commenced. On April 25, 1892, St. Clair sold a quantity of the shingles so manufactured to defendants, who paid for the same in full. Erickson, after the execution of the agreement between himself and St. Clair, but before the delivery thereof, executed a mortgage to plaintiff upon the saw-mill and outfit, and also upon all the standing and down timber upon the same land, and plaintiff filed the same as a chattel mortgage, and now brings replevin against defendants for the shingles so sold to them as aforesaid. No actual notice to either St. Clair or defendants is shown. In the agreement between Erickson and St. Clair the lands are described as belonging to Erickson. The shingles were cut from timber which was standing at the time the mortgage to plaintiff was given.

The mortgage to plaintiff, so far as it relates to standing timber, was a mortgage of an interest in real estate (*Russell v. Myers,* 32 Mich. 522), and the filing thereof in the clerk's office was notice to no one (*Booth v. Oliver,* 67 Mich. 664).

The judgment will not, therefore, be disturbed.

The other Justices concurred.