## DELANEY *v.* MANSHUM.

1. DOWER — PROTECTION OF RIGHT — SUIT BY DOWRESS — NECESSITY OF ASSIGNMENT — PARTIES.

   A widow may maintain a suit to enjoin a continuing trespass on land in which she has a dower right without waiting for the assignment of dower and without joining the other tenants.

2. SAME — BAR OF DOWER — CONVEYANCE BY HUSBAND.

   No contract of sale or conveyance made by the husband without the signature of the wife will operate to deprive her of her dower.

3. SAME — PROPERTY SUBJECT — GROWING TREES.

   Growing trees are a part of the realty, so that a widow is entitled to dower in them.

4. SAME — CONVEYANCE BY HUSBAND — EFFECT.

   All rights of a vendee to whom a husband sells any part of the realty, trees, gravel, clay, or mineral, during his lifetime cease at his death unless the wife joined in the conveyance.

Appeal from Kent; Perkins, J. Submitted October 17, 1906. (Docket No. 90.) Decided December 3, 1906.

Bill by Ellen Delaney against Evart J. Manshum and Louis Meier to enjoin a trespass. Defendants filed an answer in the nature of a cross-bill claiming contract rights in certain timber. From a decree for complainant, defendants appeal. Affirmed.

This case is before us upon a decree rendered upon the pleadings consisting of complainant's bill, the answer thereto coupled with a cross-bill, replication to defendants' answer, answer by complainant to defendants' cross-bill, and replication by defendants to complainant's answer. Complainant in her bill alleges that she is the owner in fee simple of a piece of land 80 rods long and 2 wide, describing said strip; that she, William, Nellie, Mar-

garet Delaney, and Mary Murphy are the owners in fee
simple of 40 acres of land, describing it; that said owners,
including complainant, instituted summary proceedings
under the statute against the Michigan Elm Hoop & Lum-
ber Company before the circuit court commissioner to
recover possession of said 40 acres; that a judgment was
rendered therein against said company for the restitution
of said 40 acres; that an appeal was taken by said com-
pany to this court and is now pending;[1] that on November
15, 1904, the defendants in this case broke and entered
said narrow strip of land, breaking the lock and tearing
down the gate for the purpose of cutting and hauling
away timber and trees from said 40; that in said suit a
restraining order was issued, restraining the defendants
from cutting the timber; that said restraining order was
dissolved as to these defendants because they were strang-
ers to said suit at law, and claimed to be the owners of
the timber on said 40 acres and were lawfully in posses-
sion.

After the restraining order in such suit at law was dis-
solved, the complainant filed this bill for an injunction
against the continuing trespass and the cutting of the
timber. The bill was duly verified, and prayed for an
answer without oath. The defendants filed a sworn
answer setting up the contract between Kerr Delaney,
the husband of complainant, for the sale of the timber on
said 40 acres, the assignment of said contract to the de-
fendants, their possession under it, the necessity of a pass-
age over this narrow strip to obtain access to said 40, and
its previous use for that purpose. Defendants' answer
admitted that complainant was the owner of said narrow
strip of land as the survivor of herself and her deceased
husband, who died in October, 1903; that said strip of
land was purchased in 1877 for the purpose of obtaining

---

[1] The summary proceedings mentioned in the bill resulted in judg-
ment for complainants, and defendant's writ of error to review the
same was dismissed because the judgment was not returned. (*De-
laney* v. *Michigan Elm Hoop & Lumber Co.*, 144 Mich. 351.)—RE-
PORTER.

access to said 40. They admitted entering upon the 40 acres, cutting the trees and using the narrow strip for a passageway for themselves and teams.

The answer to the cross-bill denied that the defendants obtained any right in or to said premises by reason of the above-mentioned contract and assignment thereof to them.

A decree was entered upon these pleadings permanently enjoining the defendants from trespassing upon the lands in controversy.

The contract between Kerr Delaney and the Michigan Elm Hoop & Lumber Company, and the assignment thereof to the defendants herein, are as follows:

"GRAND RAPIDS, MICH., Oct. 8, 1902.

"I, Kerr Delaney, have this day sold to the Michigan Elm Hoop Co. at Grand Rapids, Mich., all the timber except 30 cords that are reserved for said Kerr Delaney to cut out of the tops for 16 in. wood in all for $800.00. Cash $50.00 balance $750.00 to be paid before cutting timber. Timber located 2½ miles southwest of Fisher, Mich., on Sec. 34.

"KERR DELANEY."

"AUBURN, IND., Sept. 1, 1903.

"We, The Michigan Elm Hoop & L. H. Co., hereby sell to Louis Meier & E. J. Manshum all timber and wood on tract, purchased of Kerr Delaney, located on Sec. 34, as shown in contract with Delaney, and the said Mich. Elm Hoop and Lumber Co., reserve all logs now cut, twenty-four trees, all of which are marked except three oaks, and except 30 cords of 16 in. wood reserved by Delaney and to be cut out of tops as per contract, and the said Meier & E. J. Manshum to pay $175.00 cash and $175.00 on the 15th of November, 1903, receipt of $175.00 is hereby acknowledged.

"MICH. ELM HOOP & LUMBER CO.,
"By McCULLEN.
"E. J. MANSHUM.
"LOUIS MEIER."

*Joseph Renihan,* for complainant.

*Dwight Goss,* for defendants.

GRANT, J. (*after stating the facts*). Complainant is entitled to dower in the 40 acres. She is also the owner of the narrow strip of land as the surviving tenant by the entirety. Counsel for appellants in his brief says that there are two legal questions involved:

1. Can the defendants be enjoined from cutting the timber and wood on the 40?

2. Can defendants be enjoined from using the narrow strip for a passage?

Both must be answered in the affirmative. The widow may maintain suit at law without waiting for the assignment of dower. *Moody* v. *Seaman*, 46 Mich. 74. If she may do this she may bring suit in equity without joining the other tenants to restrain the commission of waste.

No contract of sale or conveyance made by the husband without the signature of the wife will operate to deprive her of her dower. *Richmond* v. *Robinson*, 12 Mich. 193. The right of dower attaches to all the realty. Growing trees are as much a part of the realty as the soil in which they grow, the clay, stone, mineral, and other valuable deposits beneath the surface. *Stout* v. *Keyes*, 2 Doug. (Mich.) 184; *Williams* v. *Hyde*, 98 Mich. 152. The widow is entitled to dower in them all. *In re Seager's Estate*, 92 Mich. 186. This right of dower will be jealously guarded by the courts. *Bear* v. *Stahl*, 61 Mich. 203, 214.

Whatever right the husband may have to sell and dispose of any part of the realty, trees, gravel, clay, or minerals, during his lifetime, while his wife's right of dower is inchoate, all rights of the vendee in such contracts cease with the death of the husband, unless the wife joined in the conveyance. Many lands are valuable mainly for timber, minerals, etc. If defendants' contention be sustained as the law, it would result in depriving widows of their dower in the most valuable part of realty. The Michigan Elm Hoop & Lumber Company and the defendants well understood that when they were buying

these trees they were buying realty.  They knew that the wife of Mr. Delaney had the right of dower.  If they wished to get a valid title to any part of the realty, their only way was to secure a conveyance from the complainant.

Inasmuch as the defendants have no occasion to enter upon this land, except under the contract, it becomes unnecessary to discuss the other question.

Decree is affirmed, with costs.

CARPENTER, C. J., and McALVAY, BLAIR, and MOORE, JJ., concurred.