KILLACKEY *v.* KILLACKEY.

1. DOWER — HUSBAND AND WIFE — DAMAGES FOR WITHHOLDING DOWER IN LANDS CONVEYED.

Under 3 Comp. Laws, §§ 8941, 8942, and 10988, a widow, entitled to dower in lands of her deceased husband who had deeded them to his son for a nominal consideration to deprive the widow of her dower, may recover damages for withholding dower on the theory that such conveyance was in fraud of her rights and her husband must be considered to have died seised of the lands.[1]

2. SAME—DEMAND—ACTIONS—MESNE PROFITS.

A sufficient demand for mesne profits so withheld was made by the commencement of an action to recover dower previously to the proceeding for recovery of mesne profits.

Error to Chippewa; Steere, J. Submitted April 18, 1911. (Docket No. 109.) Decided June 2, 1911.

[1] As to power of husband or his creditors to defeat dower, see note in 18 L. R. A. 75.

As to right of widow to recover from estate value of her dower interest in land conveyed by her husband during his lifetime, see note in 8 L. R. A. ( N. S.) 1101.

Ejectment by Margaret Killackey against Robert Killackey and others. Subsequently to the affirmance of a judgment for plaintiff she filed a declaration against Robert Killackey in the nature of statutory proceedings for the recovery of damages for withholding dower. Judgment for plaintiff. Defendant brings error. Affirmed.

*John W. Shine*, for appellant.

*F. T. McDonald* and *M. M. Larmonth*, for appellee.

This is a supplemental proceeding to recover mesne profits for the withholding of dower taken under the provisions of section 10988 *et seq.*, 3 Comp. Laws. The action is prosecuted in accordance with the suggestion of this court in its opinion wherein it was determined that plaintiff was entitled to dower out of certain lands sold by her husband in his lifetime to defendant, but in the conveyance of which plaintiff did not join. For a full statement of the facts there and here involved, see opinion. *Killackey* v. *Killackey*, 156 Mich. 127 (120 N. W. 680). The case was heard by the court without a jury and findings of fact and law were made as follows:

### "FINDINGS OF FACT.

"Plaintiff brings this proceeding to recover from defendant, Robert Killackey, damages for withholding dower in a farm of 140 acres, situated in Bruce township, Chippewa county; her right to dower in such land having been established in the case of *Killackey* v. *Killackey, et al.*, 156 Mich. 127 (120 N. W. 680).

"The farm in question was inherited by James Killackey, Sr., husband of the plaintiff, from his son, James Killackey, Jr., who died intestate and unmarried. Soon after inheriting the same, James Killackey, Sr., deeded it for a nominal consideration to his son, Robert Killackey, the defendant. Plaintiff did not join in the deed.

"This farm was and is a good, well-improved piece of property, most of it cleared land, all fenced, with good buildings upon it. Since receiving a conveyance from his father, the defendant has rented it to a tenant by the name of Miller at an annual rental of $270. He testifies

that he has not regularly collected all of this rent, making a deduction in the neighborhood of $25 a year when adjusting the accounts with his tenant. He also testifies that he has spent in the neighborhood of $25 a year caring for the property, hiring rigs to drive out to visit it, and other small items, but gives no specific dates nor any items of amounts.

"James Killackey, Sr., husband of the plaintiff, died in September, 1904. Shortly thereafter she made claim to an interest in his estate, and probate proceedings were soon instituted, but the first specific demand for dower in this property clearly shown to be brought home to the defendant is by a suit commenced in January, 1907, to recover dower. Although this suit was subsequently dismissed on technical grounds, the process was personally served upon defendant on January 14, 1907, and he employed counsel to defend him. Testimony taken as to the rental value of this farm tended to show that it is worth an annual rent of approximately $2 per acre, or, taking the farm as a whole, $275, or in that neighborhood. The court finds as one of the facts in the case that the value of the use of said premises is $270 per annum, less $25 per year, cost of caring for same, and taxes and insurance. The insurance paid on the buildings on said property was $4.67 a year during the years 1907, 1908, and 1909. The taxes were as follows: 1907, $54.51; 1908, $36.90; and 1909, $42.83.

"In the proceedings for setting off the plaintiff's dower in said property, the commissioner's report was confirmed September 24, 1909, since which time defendant has not occupied or used that portion set off to her as dower, but he harvested, and had the benefit of all the crops growing upon the farm during that season.

"One-third of the value of the use of said farm, from January, 1907, to September 24, 1909, with interest computed at 5 per cent. per annum from the end of each year to June 1, 1910, is found to be as follows: 1907, $61.94, interest $7.57, total $69.51; 1908, $67.78, interest $4.79, total $72.57; 1909, $65.84, interest $1.37, total $67.21— making a total for the three years of $209.29. All exhibits, files, and records introduced in evidence in this case are hereby made a part of these findings."

"CONCLUSIONS OF LAW.

"Plaintiff's right to dower in this farm has already

been adjudicated, and, as to her, James Killackey, Sr., is to be regarded as having died seised of the property. She has already actually recovered a judgment, which stands confirmed and cannot now be disputed. This being established, her right to a proportionate share of the mesne profits from the time the same were demanded follows, and the beginning of suit to recover dower is a sufficient demand. The exact amount of the rent collected by defendant Killackey is not the measure of her damages, but it is a fair value of the use of said premises during the time withheld, allowance being made for taxes, insurance, and costs of care. Computed on that basis from January, 1907, to September, 1909, the testimony showing that he had full value of the premises for 1909, plaintiff's one-third entitles her to recover the sum of $209.29 as above stated.

"The clerk will enter judgment accordingly."

Defendant has removed the case to this court for review by writ of error.

BROOKE, J. (*after stating the facts*). Defendant's first contention is that plaintiff is not entitled to damages in this State for the withholding of dower in lands sold and conveyed by her husband prior to his death. The learned trial judge found, as a matter of fact, that the conveyance from James Killackey, Sr., to defendant was for a nominal consideration (the consideration mentioned in the deed was "one dollar and other good and valuable consideration"). He found, as a matter of law, that, as between the widow (plaintiff) and this defendant, James Killackey, Sr., is to be regarded as having died seised of the property.

We have no doubt that the conveyance by James Killackey, Sr., to his son, this defendant, was made with the intent of depriving plaintiff of her dower rights in the property. If this be true, the conveyance would amount to a fraud as to plaintiff, even though it was made for a valuable consideration and the grantee therein named went into possession of the premises. We think, under the circumstances of this case, the conclusion of law that,

as between the parties to this action, James Killackey, Sr., must be held to have died seised of the property, was correct. *Brown* v. *Bronson*, 35 Mich. 415; *Rea* v. *Rea*, 63 Mich. 257 (29 N. W. 703).

3 Comp. Laws, § 8941 *et seq.*, provide for the recovery of mesne profits in cases where dower is withheld. The bringing of the action to recover dower was a sufficient demand upon defendant (*Fuller* v. *Hubbard*, 6 Cow. [N. Y.] 13 [16 Am. Dec. 423]), and the rents and profits were properly computed from that time.

Defendant insists that, even conceding the liability of defendant, the judgment is excessive to the extent of $28.33. With reference to this claim, we need only say that the record contains ample evidence to support the finding of the trial court.

The judgment is affirmed.

MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred.