REDMAN *v.* SHAW.

1. JUDGMENT—PARTIES—WIFE—DOWER.

Decree providing that wife had no dower interest, inchoate or otherwise, or other right or title in and to any of said leases assigned by defendant to plaintiff was not binding upon defendant's wife where she was not a party to the proceeding in which such decree was entered.

2. DOWER—STATUTES—COMMON LAW—DEFINITION OF TERMS.

Statute providing that widow should be entitled to dower, or use during her natural life, of one-third part of all lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof is, in substance, the common-law rule of dower and courts must look to the common law for definition of terms where terms are not defined by the statute (3 Comp. Laws 1929, § 13072).

3. SAME—STATUTES—SEIZIN OF HUSBAND DURING COVERTURE.

Under statute providing common-law rule of dower, there must be seizin of the husband during coverture in order that the wife may obtain dower (3 Comp. Laws 1929, § 13072).

4. PROPERTY—SEIZIN.

The word ''seizin'' still retains its original signification, being applied exclusively to the possession of land of a freehold tenure and it is inaccurate to use the word as expressive of the possession of leaseholds or terms of years, or even of copyholds.

5. DOWER—ESTATE OF INHERITANCE—LEASEHOLD.

Under statute providing common-law rule of dower, in order that a man's widow may have dower his estate must have been one of inheritance, that is, either a fee simple or a fee tail, as there is no right of dower where husband had merely a chattel interest in land such as a term for years even though it be renewable forever, or an estate at will (3 Comp. Laws 1929, § 13702).

6. SAME—OIL AND GAS LEASE—STATUTES.

Assignor of lessee's interest in oil and gas leases limited to five years ''and as long thereafter as oil or gas, or either of

---

To effect that an estate for years can be created subject to a defeasance, see 1 Restatement, Property, § 19, comment c.

them, is produced from said land by the lessee'' was but a lessee for a determinable term and was not seized of an estatè of inheritance within the meaning of statute providing for wife's dower interest in her husband's lands (3 Comp. Laws 1929, § 13072).

Appeal from Allegan; Miles (Fred T.), J. Submitted October 15, 1941. (Docket No. 52, Calendar No. 41,692.) Decided January 5, 1942.

Bill by Clayton Redman and others against Josephine M. Shaw to quiet title to oil leases. Decree for plaintiffs. Defendant appeals. Affirmed.

*Butterfield, Keeney & Amberg, Harry Shulsky,* and *Richard L. Lindland,* for plaintiffs.

*Arthur F. Shaw,* for defendant.

CHANDLER, C. J. This is a bill to quiet title of plaintiffs as lessees of two oil leases covering a certain piece or parcel of land situate in the county of Allegan, particularly described as follows:

The southeast one-quarter (SE¼) of the southeast one-quarter (SE¼) of section 2, township 4 north, range 13 west.

These leases were assigned to plaintiffs by Arthur F. Shaw, husband of appellant, in pursuance of the decree affirmed by us with a minor modification, not relevant here, in *Redman Oil Co.* v. *Shaw,* 291 Mich. 8. The decree in the circuit court for the county of Allegan did not award any damages to the plaintiff but instead determined, and we quote from that decree:

"8. That Josephine Shaw, the wife of said defendant, has no dower interest, inchoate or otherwise, or other right or title in and to any of said leases hereby decreed to be assigned and transferred by said defendant to said plaintiff."

As Josephine M. Shaw was not a party to the proceedings, the decree was not binding on her. She has written a letter to the buyer of the oil produced by plaintiffs from said leases that she was asserting a dower interest in all oil produced from said leases and directing the purchaser to pay a dower interest to her. Because of the letter, the buyer has withheld from plaintiffs' portion of the moneys owing by it for oil produced from said leased land, and the plaintiffs bring this bill to clear the above cloud on their title to the two leases. Both leases contain a clause limiting their life to five years, "and as long thereafter as oil or gas, or either of them, is produced from said land by the lessee."

The sole issue is whether the wife of the lessee has a dower interest in the above oil and gas leases. The statute, 3 Comp. Laws 1929, § 13072 (Stat. Ann. § 26.221), provides:

"The widow of every deceased person shall be entitled to dower, or the use during her natural life, of one-third part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof."

Defendant's right of dower depends solely upon whether defendant's husband "was seized of an estate of inheritance" by being lessee on the two oil and gas leases. The terms "dower," "seized," and "estate of inheritance" are not defined by statute, but this statute is, in substance, the common-law rule of dower, *Cummings* v. *Schreur*, 239 Mich. 178; *May* v. *Rumney*, 1 Mich. 1, and we must look to the common-law definitions.

The first requirement is, there must be seizin of the husband during coverture. *Sagendorph* v. *Lutz*, 286 Mich. 103; *Flynn* v. *Flynn*, 171 Mass. 312 (50

N. E. 650, 42 L. R. A. 98, 68 Am. St. Rep. 427). "Seizin" has been defined by Black in his Law Dictionary (2d Ed.), p. 1068, wherein he quotes Brown, "The word [seizin] still retains its original signification, being applied exclusively to the possession of land of a freehold tenure, it being inaccurate to use the word as expressive of the possession of leaseholds or terms of years, or even of copyholds."

Also, see 1 Tiffany on Real Property (2d Ed.), p. 29, § 14 (citing Littleton, § 324; Coke on Littleton, pp. 200b, 201a; Challis, Real Property, p. 47), wherein it is stated:

"[Seizin] came finally to be used only in reference to possession claiming a freehold estate; he being said to be 'seized,' while a tenant for years or at will was said to be merely possessed."

The remaining requirement is that the estate be one of inheritance. Of this 1 Tiffany on Real Property (2d Ed.), § 213, pp. 747, 748, citing Littleton, § 36, and 2 Blackstone's Commentaries, p. 131, says:

"Since the estate of dower is derived out of the estate of the husband, his estate must, in order that the wife be endowed, be one of inheritance—that is, either a fee simple or a fee tail.  *  *  *
"There is no right of dower at common law if the husband had merely a chattel interest in the land, such as a term for years, however long it may have to run, or even though it be renewable forever, nor can there be dower in an estate at will."

Now, was appellant's husband seized of a fee simple estate or an estate of inheritance? Appellant contends that the interest of her husband was an interest in land. That is not the issue, the question being the nature of such interest. In *Jaenicke* v. *Davidson,* 290 Mich. 298, we found such

interest to be an interest in real property, but we said at page 303:

"A transfer of title or of a right in the unsevered oil and gas, together with the right to go upon the land for the purpose of taking the oil and gas therefrom, involves a granting of rights in real estate; and the instruments granting such rights are appropriately denominated 'leases.' "

In view of this, appellant takes the position that the leases involved are "perpetual" leaseholds which are equivalent to fees simple of which her husband was seized. Appellant relies solely on *Ralston Steel Car Co.* v. *Ralston*, 112 Ohio St. 306 (147 N. E. 513, 39 A. L. R. 334). In 39 A. L. R., at page 340, the annotator states:

"An estate for years, no matter how many, being a mere chattel interest, she had no common-law right of dower in leaseholds. See 9 R. C. L., title 'Dower,' § 15, p. 573. If, therefore, a widow is to be given dower in a perpetual leasehold, it must be by virtue of a legislative alteration of the common-law character of such leasehold, or by virtue of a statute expressly giving her dower therein.

"The courts of this country have had occasion to hold that leaseholds are not real property within the meaning of dower statutes, * * * even though the lease was for 999 years [citing appropriate and ample authority]."

And just such a legislative alteration mentioned by the annotator was involved in the *Ralston Case*. The Ohio legislature provided by General Code, § 8597:*

"Permanent leasehold estates, renewable forever, shall be subject to the same law of descent as estates

---

- * Now section 10503-11, Baldwin's Ohio Code (1934).—Reporter.

in fee are subject to by the provisions of this chapter.''

There is no lease "renewable forever" involved here; no Michigan legislative enactment of the above type, but on the contrary, the Michigan legislature has recognized the impermanency of oil and gas leases and provided for a method of the recording of the termination upon forfeiture. 3 Comp. Laws 1929, §§ 13506, 13507 (Stat. Ann. §§ 26.1161, 26.1162). Oil and gas cannot be produced forever within the terms of the lease, and upon the halting of production, the lease is terminated, and the above statute provides a method to have on record the expiration of the lease.

Thus, appellant's husband was but a lessee for a determinable term and was not seized of an estate of inheritance within the meaning of the Michigan statute. Nothing we have said in *Re Seager*, 92 Mich. 186 (16 L. R. A. 247), is contrary to the holding that the wife of the lessee has no dower rights; in fact, because it recognized the dower right of the widow of the lessor, by implication it excludes the possibility of the wife of the lessee having dower in the same subject matter. See 17 Am. Jur., title "Dower," § 27, p. 678.

The decree of the lower court is affirmed, with costs to plaintiffs.

BOYLES, NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.