*In re* STROH ESTATE

STROH v STROH

Docket No. 80804. Submitted December 9, 1985, at Lansing. Decided May 6, 1986.

Stanley H. Stroh, Sr., conveyed the house in which he and his wife, Gladys M. Stroh, lived to himself and to Stanley Stroh, Jr., his son, and Elaine Bjornson, his daughter, as joint tenants with rights of survivorship. The deed was recorded several days after Stanley H. Stroh, Sr.'s, death. Petitioner, Gladys M. Stroh, filed a petition in Macomb Probate Court to quiet title in the residence alleging that the conveyance was invalid, or in the alternative, admeasurement of her dower interest in the property and satisfaction thereof from the proceeds of a sale of the home. Respondents, Stanley Stroh, Jr., and Elaine Bjornson, filed a counterpetition, admitting that petitioner had a consummate dower interest in the property and asking the court to determine that interest and to deduct therefrom the reasonable rental value of the property from the time of decedent's death. The parties stipulated that the house was worth $36,000 and had a rental value of $450 per month at the time of the conveyance. The probate court, James F. Nowicki, J., upheld the conveyance to respondents, determined that petitioner's dower interest in the property was $10,733.80, and held that respondents were entitled to rent at $450 per month from the date of judgment. Respondents appealed by leave granted seeking rent from the time of decedent's death. *Held:*

1. In Michigan, a widow is statutorily entitled to dower, or the use during her natural life, of one-third of all lands whereof her husband was seized of an inheritable estate at any time during the marriage unless she is lawfully barred.

2. Petitioner had a consummate dower right in her husband's

REFERENCES

Am Jur 2d, Dower and Curtesy §§ 25-30, 31, 171-177, 184, 190.

Statutory or constitutional provision allowing widow but not widower to take against will and receive dower interests, allowances, homestead rights, or the like as denial of equal protection of law. 18 ALR4th 910.

Rights in decedent's estate as between lawful and putative spouses. 81 ALR3d 6.

residence notwithstanding the conveyance creating the joint tenancy between her husband and the respondents.

3. The decedent possessed a freehold estate in the property at the time of his death.

4. Under the quarantine statute, petitioner was entitled to continue occupancy of the property, rent free so long as her deceased husband's heirs or other interested persons did not object, until dower was assigned or the estate was partitioned.

5. Petitioner's statutory right to quarantine was a continuation of her husband's estate. Respondents' rights of survivorship did not extinguish petitioner's right to quarantine.

6. Respondents' claim that petitioner was required to make an election between her dower interest and her intestate share, under a section of the Revised Probate Code, was not considered by the Court of Appeals since it was not raised in probate court.

Affirmed.

1. DOWER AND CURTESY — STATUTES.

A widow is statutorily entitled to dower or the use during her natural life of one-third of all lands whereof her husband was seized of an inheritable estate at any time during the marriage (MCL 558.1; MSA 26.221).

2. DOWER AND CURTESY — WIDOW'S RIGHT OF QUARANTINE — STATUTES.

A widow, who is entitled to dower, is statutorily entitled to a right of quarantine allowing her to occupy the homestead of her deceased husband rent free, so long as her husband's heirs and other interested persons do not object, until the dower is assigned or the estate is partitioned; such right to quarantine is considered a continuation of her husband's estate and cannot be extinguished by a joint tenant's right of survivorship in the homestead (MCL 558.12; MSA 26.228).

3. ESTATES IN PROPERTY — SEISIN.

Seisin is the actual possession of land with the intention of asserting a freehold estate therein.

*Eriksen & Kelly, P.C.* (by *Dale F. Kelly*), for petitioner.

*Richard C. Johnston,* for respondents.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and HOOD, JJ.

PER CURIAM. Respondents appeal by leave granted from an order of the probate court denying their request to offset a dower award by an amount equal to the reasonable rental value of the property. We affirm.

The facts are not in dispute. On March 29, 1981, petitioner married the decedent, Stanley H. Stroh, a widower with four children. On August 25, 1981, the decedent deeded the home in which he and petitioner resided to himself and the respondents, Stanley Stroh, Jr., his son, and Elaine Bjornson, his daughter, as joint tenants with rights of survivorship.

The decedent died on October 7, 1981. The deed recording the conveyance of decedent's home to his two children was recorded on October 30, 1981.

On August 24, 1983, the petitioner filed a petition to, inter alia, quiet title in the residence alleging that the conveyance was invalid due to fraud and lack of capacity. In the alternative, petitioner sought admeasurement of her dower interest in the property and satisfaction thereof from the proceeds of a sale of the home.

Respondents counterpetitioned, admitting that petitioner had a consummate dower interest in the property and asking the court to determine that interest and to deduct therefrom the reasonable rental value of the property from the time of decedent's death. The parties stipulated that the house was worth $36,000 and had a rental value of $450 per month at the time of the conveyance.

Following a bench trial, the trial court upheld the conveyance by the decedent to his two children and determined that petitioner's dower interest in the property equalled $10,733.80. The trial court also held that respondents should have a right to

rent in the amount of $450 per month from July 23, 1984, the date when judgment was entered.

The sole question on appeal is whether petitioner was entitled to remain in possession of her deceased husband's home, which was jointly held by two of his children, until her dower was admeasured without paying rent. We hold that she was.

In Michigan, a widow is statutorily entitled to dower, or the use during her natural life, of one-third of all lands whereof her husband was seized of an inheritable estate at any time during the marriage unless she is lawfully barred. MCL 558.1; MSA 26.221. The statute codifies the common-law rule of dower. Therefore, this Court looks to the common law for definitions of words in the statute which are not defined by the statute. *Redman v Shaw,* 300 Mich 314; 1 NW2d 555 (1942).

The law protects the right of dower. *M & D Robinson Co v Dunitz,* 12 Mich App 5; 162 NW2d 318, lv den 381 Mich 776 (1968). No contract of sale or conveyance by a husband without his wife's signature will operate to divest her of her dower. *Delaney v Manshum,* 146 Mich 525, 528; 109 NW 691 (1906); *Gluc v Klein,* 226 Mich 175, 177; 197 NW 1051 (1924). Notwithstanding a conveyance by a husband in which the wife did not join, the husband is considered so seized of the premises as to entitle the wife to dower. *May v Specht,* 1 Mich 187 (1849); *Killackey v Killackey,* 166 Mich 311, 314; 131 NW 519 (1911).

In the case at bar, it is undisputed that petitioner had a consummate dower right in her husband's residence notwithstanding the conveyance creating the joint tenancy between her husband and his children.[1] Petitioner's husband owned the

---

[1] We note that if the joint tenancy had not been created through a conveyance by the decedent during the course of petitioner's and

residence during the marriage and petitioners did not join in the conveyance. The question critical to this appeal is whether the petitioner's dower interest allowed her to stay in the home rent free until her dower was determined.

A widow's dower before it is determined is not an estate but merely a right in action. *Rayner v Lee,* 20 Mich 384, 386 (1870). Accordingly, the widow has no right of possession or of entry and occupation in the lands of her husband under a claim of dower in the absence of a statute conferring the right. 28 CJS, Dower, § 68, p 147.

Statutes conferring that right are substitutes for the common-law right of quarantine. 34 CJS, Executors and Administrators, § 327, p 24. The common-law right of quarantine, which was guaranteed by the Magna Charta, entitled the widow to hold and occupy the mansion house or messuage of her husband for forty days after his death during which time her dower was to be assigned. *Id.; Woolf v Woolf,* 10 NJ Super 470; 77 A2d 475 (1950). Such statutes have a two-fold purpose: to provide for the immediate needs of the widow and to compel the heirs or grantees to assign her dower interest at the earliest possible moment. 25 Am Jur 2d, Dower and Curtesy, subsection 171, p 217. Because they are intended primarily for the protection of the widow and children, such statutes should be liberally construed. 34 CJS, Executors and Administrators, § 327, p 24.

In Michigan, the widow's quarantine statute, MCL 558.12; MSA 26.228, provides:

> Sec. 12. When a widow is entitled to dower in the lands of which her husband died seized, she

---

decedent's marriage, petitioner would not have a dower right in the property as a joint tenant's right of survivorship takes precedence. *Schmidt v Jennings,* 359 Mich 376; 102 NW2d 589 (1960).

may continue to occupy the same with the children or other heirs of the deceased, or may receive ⅓ part of the rents, issues and profits thereof, so long as the heirs or others interested do not object, without having the dower assigned.

Under this section, the widow can occupy the homestead of her deceased husband, rent free so long as the heirs or other interested persons do not object, until the dower is assigned or the estate partitioned. *In re Graff's Estate,* 123 Mich 456; 82 NW 248 (1900); *Zoellner v Zoellner,* 53 Mich 620; 19 NW 556 (1884).

In the case at bar, it is indicated that respondents demanded that petitioner pay rent, but there is no indication that they objected to petitioner's occupancy of the property. Therefore, under § 12, petitioner was entitled to remain in the home of her husband without paying rent until the court assigned her dower.

Respondents claim, however, that § 12 allows the right of occupation to only those lands of which the widow's husband died seized and that by virtue of the joint tenancy with rights of survivorship in this case, respondents became the owners as the surviving tenants and decedent died without seisin.

Seisin is the actual possession of land with the intention of asserting a freehold estate therein. *Redman v Shaw, supra;* 25 Am Jur 2d, Dower and Curtesy, § 25, p 101. A freehold is an estate for life or in fee. Black's Law Dictionary (5th ed), p 598. The decedent in this case was in possession of a freehold estate and therefore seized thereof when he died. Because petitioner's right to quarantine under the statute is considered a continuance of her husband's estate, 25 Am Jur 2d, *supra,* § 171, p 217, respondents' rights of survivorship do not

extinguish petitioner's right to quarantine under the statute.[2]

Respondents' final contention on appeal is that petitioner was required to make an election between her dower interest and her intestate share pursuant to § 282(1) of the Revised Probate Code. MCL 700.282(1); MSA 27.5282(1). Respondents contend that petitioner, having failed to do so within the applicable time frame, is barred from pursuing her dower right and the incidents thereto.

We note that respondents did not raise this issue below. Therfore, we deem it waived. *Sowels v Laborers' International Union of North America,* 112 Mich App 616, 623; 317 NW2d 195 (1981).

Affirmed.

---

[2] A different result would obtain if the statute required that the property of which the husband died seized was an inheritable estate, as is the case in the dower statute. MCL 558.1; MSA 26.221. A joint tenant's right of survivorship also takes precedence over any claim by descent from the joint tenant. *Schmidt v Jennings, supra.* A joint tenancy, not being inheritable, would therefore not be subject to a right of quarantine.

Moreover, while there is some question in our minds concerning whether the common-law right of quarantine was intended to apply only to the homesteads in which the husband had exclusive ownership, we are convinced that the right as codified in Michigan does apply to this case. Our concern stems from the observation that a widow's right to quarantine in property held jointly could be exercised at the expense of others who are strangers to her. This concern is premised upon the holding in other jurisdictions that under the quarantine statute, the widow has no greater title than her husband had in his lifetime. Therefore, the statute allows her claim to quarantine only against those claiming under the title of her husband and does not extend to strangers or persons claiming by adverse title. 125 ALR 796, subsection 3, pp 808-811; 25 Am Jur 2d, Dower and Curtesy, subsection 174, p 219.

But we do not perceive this to be a concern of our Legislature in codifying the right as the statute provides for quarantine "so long as the heirs *or others interested do not object".* Therefore, we conclude that the Legislature intended the statute to be applicable even to lands which were held jointly by the husband.